Filed 8/25/25  P. v. Bingaman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY MICHAEL BINGAMAN, JR.,<br><br>    Defendant and Appellant. | C099713<br><br>(Super. Ct. No. 20FE016147) |

Defendant Timothy Michael Bingaman, Jr., appeals from his conviction of 16 counts of child molestation involving three children.  (Pen. Code, § 288, subd. (a).)  He contends an expert witness's testimony about Child Sexual Abuse Accommodation Syndrome (CSAAS), combined with a jury instruction on how the jury could use that evidence, violated his right to a fair trial and due process by creating an impermissible inference of guilt.  Specifically, he asserts the expert witness was improperly allowed to give testimony that mirrored the facts of this case, and CALCRIM No. 1193 improperly allowed the jury to use the CSAAS testimony to conclude the victims were in fact

1

molested. He argues the combination of these errors denied him a fair trial and due process.

Defendant has forfeited his claims. Under the invited error doctrine, a party may not challenge a jury instruction on appeal if the party proposed the instruction at trial. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 225; *Weirum v. RKO General, Inc.* (1975) 15 Cal.3d 40, 50.) Defendant requested the trial court instruct the jury with CALCRIM No. 1193. He thus invited any error by the court using that instruction. Defendant does not contest this point.

Embedded in defendant's challenge to the jury instruction are arguments that the CSAAS evidence was improper because due to the prosecution's questions the evidence mirrored the facts and circumstances of this case. To the extent defendant contends the trial court erred by admitting the CSAAS evidence, he has forfeited that claim as well.

Rule 8.204(a)(1)(B) of the California Rules of Court requires an appellate brief to "[s]tate each point under a separate heading or subheading summarizing the point[.]" The heading for the argument section in defendant's opening brief states, "The instruction improperly allowed the jury to conclude the complainants were molested based on the consistency between their behaviors and behaviors and those identified in the CSAAS testimony." No heading in the brief asserts the CSAAS evidence was inadmissible. "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Petrovich Development Co., LLC v. City of Sacramento* (2020) 48 Cal.App.5th 963, 976, fn. 9.)

Because defendant has forfeited his contentions on appeal, we will not address them.

DISPOSITION

The judgment is affirmed.

                                                    _____

                                                    HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

MESIWALA, J.